Entered on Docket
March 16, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 16, 2009

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-41073 T
                                         Chapter 11
SHARON YVETTE DE EDWARDS,
FERNANDO ANTHONY EDWARDS,

       Debtors-in-Possession.
_____/

**MEMORANDUM OF DECISION RE EMERGENCY MOTION AND ORDER THEREON**

The above-captioned debtors filed a petition seeking relief under chapter 11 of the Bankruptcy Code on March 7, 2008. On March 3, 2009, they filed an emergency motion to enforce the automatic stay to force the IRS to stop levying against payments made to Mrs. Edwards' medical practice by third party payors.[1] A trial was conducted on the motion on March 12, 2009, at which time the motion was taken under submission.

Pending its ruling on the motion, the Court declined to order the IRS to release the levy recently made. However, it directed the

---

[1] In the alternative, the debtors assert that the IRS was estopped from attempting to levy against these payments. However, as set forth in the IRS's opposition, an estoppel against the IRS cannot be established under these circumstances.

Case: 08-41073    Doc# 120    Filed: 03/16/09    Entered: 03/16/09 14:43:40    Page 1 of 7

IRS not to make any new levies until the Court issued its ruling. Set forth below are the Court's findings and conclusions with respect to the motion.[2]

**FINDINGS AND CONCLUSIONS**

Mrs. Edwards ("Sharon") is a physician who, prior to the commencement of this chapter 11 case, operated through a professional corporation (the "PC"). The PC has a corporate employer identification number ("EIN"): i.e., 68-0377910 ("the PC EIN").[3] The PC has contracts with third party payors, such as insurance companies and HMOs.

Prior to the commencement of this bankruptcy case, the PC generated substantial tax debts to the Internal Revenue Service (the "IRS"). The IRS has assessed these delinquent taxes and holds a lien securing the tax obligation against the PC's assets, including its accounts receivable and equipment. The PC has not filed for bankruptcy protection.

---

[2] The debtors have been in chapter 11 for a year now. They are currently in default of their deadline for filing a plan and disclosure statement. The deadline was January 31, 2009. Although they asked for an extension of the deadline, a creditor filed an objection to the request. Debtors have not yet noticed a hearing on the objection. A hearing on the Court order to show cause re conversion or dismissal is scheduled for March 16, 2009. Their bankruptcy counsel has recently withdrawn from representing them. The debtors' reorganization prospects do not appear promising. The Court's ruling on this motion does not eliminate the possibility that the Court will order the case converted or dismissed on March 16, 2009.

[3] Some years earlier, Sharon had operated as a sole proprietorship which had its own EIN: i.e., 68-0164682 (the "Old Personal EIN").

2

Immediately after filing the chapter 11 petition, without hiring new employees or acquiring new equipment, Sharon attempted to commence operating her practice as a sole proprietorship. To do this, she opened a debtor-in-possession bank account in her own name. On the account agreement, she designated the business as a sole proprietorship and listed her social security number. However, she also listed the PC EIN.

With her husband's assistance, immediately after filing the chapter 11 petition, Sharon also attempted to obtain a new EIN as a sole proprietorship. Her first attempt to do so was by filing an application electronically. The application listed the business as a sole proprietorship. However, in box 18 of the application, which asks the applicant "entity" to list any EIN previously received, Sharon again listed the PC EIN. For reasons that are not clear, no new personal EIN was issued to her.

Somewhat later, Sharon's husband filled out an application for an EIN for Sharon's sole proprietorship in person, handwriting the application and handing it to a clerk at the IRS office. The Court was not supplied with a copy of this application. However, it is reasonable to conclude that the contents of the application were the same as the online application submitted earlier. Again, no new personal EIN was issued.

Without a new personal EIN, Sharon was apparently unable to renegotiate the contracts with her third party payors.[4] As a result,

---

[4] No explanation was given as to why Sharon did not simply use the Old Personal EIN to renegotiate these contracts.

3

she continued to submit billings and receive payments using the PC EIN. Because the IRS considered these payments assets of the PC, which was not in bankruptcy, rather than assets of the bankruptcy estate, the IRS continued to levy on the payments after bankruptcy and to apply the proceeds to the debts of the PC.

Sharon hired special tax counsel who, together with the debtors' bankruptcy counsel, attempted to assist the debtors in resolving their disputes with the IRS. The IRS agreed to a moratorium on all levies until the end of October 2008 so that the payment history could be developed and analyzed. In fact, the IRS delayed levying until late February 2009. When the IRS again began to levy on the payments from third party payors, ostensibly to the PC, this motion was filed. In the mean time, Sharon has failed to pay any of her post-petition taxes.[5]

Recently, Sharon obtained a new personal EIN (the "New Personal EIN"). She is in the process of negotiating new contracts with the third party payors so that she may bill and receive payments using the New Personal EIN. She estimates that this process will be complete in 45 days. She acknowledges that the IRS is free to foreclose on the medical equipment she is using in her sole proprietorship and that a portion of her third party payments are attributable to the value of the equipment. She also acknowledges that any post-petition levies on payment by third party payors made post-petition but based on services provided pre-petition were

---

[5] She did file one quarterly report, which listed the PC EIN.

4

properly made and may be applied to the tax debt of the PC. The Court has not been given sufficient evidence to place a value on the equipment, to assess what portion of the payments are attributable to the equipment, or to determine what portion of the payments are based on services provided pre- as opposed to post-petition.

The IRS contends that Sharon's post-petition operations have not been sufficiently profitable to permit her to pay her expenses and service the post-petition tax debt of her sole proprietorship. Sharon disputes this contention. However, the parties have not provided the Court with a sufficient record to permit the Court to resolve this dispute. However, one thing is clear, Sharon has operated her practice for at least six months without making any payments to the IRS despite the fact that there have been no levies during that time.

The Court will give the debtors 30 days to file the post-petition federal tax reports for the sole proprietorship and to pay all post-petition tax debt. During that time, the IRS is ordered to forbear from levying based on any post-petition tax delinquencies. The IRS is free to retain any funds obtained as a result of the recent levy but must apply the funds to the tax debt of the sole proprietorship for the time being.

Good cause appearing, based on the foregoing, it is hereby

ORDERED that:

1. The motion to enforce the automatic stay against the IRS is granted in part and denied in part.

2. The motion is denied to the extent it requests an order directing the IRS to release its recent levy on funds paid by third party payors to Sharon's medical practice.

3. The motion is granted to the extent it requests an order directing the IRS to forbear making any further levies. However, this order will expire on April 12, 2009 unless by that date Sharon has filed all post-petition federal tax reports and paid all post-petition federal taxes on account of the practice.

END OF DOCUMENT

Case: 08-41073    Doc# 120    Filed: 03/16/09    Entered: 03/16/09 14:43:40    Page 6 of 7

COURT SERVICE LIST

Fernando Anthony Edwards
Sharon Yvette de Edwards
715 Castle Rock Road
Walnut Creek, CA 94598

Cynthia Stier
Assistant United States Attorney
9th Floor Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102