

**Signed: May 05, 2009**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 08-41073 T

SHARON YVETTE DE EDWARDS,                Chapter 11
FERNANDO ANTHONY EDWARDS,

    Debtors-in-Possession.
_____/

**MEMORANDUM AND ORDER RE PLAN AND DISCLOSURE STATEMENT
AND VACATING PREVIOUSLY SET EVIDENTIARY HEARING**

    The above-captioned case was commenced on March 7, 2008. On August 18, 2008, after a duly noticed status conference, the Court set a deadline of December 1, 2008 for the debtors to file a plan and disclosure statement. This deadline was continued to January 31, 2009. A further request for continuance was denied. The debtors were originally represented by counsel. However, counsel was permitted to withdraw without opposition in February 2009.

    In April 2009, the debtors filed a plan (the "Plan") and disclosure statement (the "Disclosure Statement") and submitted the Disclosure Statement to the Court for conditional approval. The

Court has reviewed the Plan and Disclosure Statement and finds them both seriously deficient. The most serious problem with the Plan is that it omits most of the claims against the estate and does not provide for their treatment. The most serious problem with the Disclosure Statement is that it does not coherently disclose what payments the debtors intend to make and does not adequately discuss the feasibility of the debtors making those payments. Conditional approval of the Disclosure Statement will therefore be denied.

In the mean time, an event has occurred that is likely to affect the case in a dramatic way. On or about March 16, 2009, Countrywide Home Loan Servicing, L.P. ("Countrywide"), the creditor holding the deed of trust on the debtors' residence, obtained relief from the automatic stay. The debtors contend that the IRS secured claim is in first position, ahead of Countrywide. If so, the foreclosure will not only eliminate the substantial payments required to be made to Countrywide, it will also eliminate the IRS secured claim. If not, the foreclosure will likely render the IRS an unsecured claim except for any personal property it encumbers.

Even if these claims are eliminated, there appears to be serious feasibility problems. The debtors' most recent monthly operating report states that, during the last year, they have experienced a negative cash flow of $56,259. The Disclosure Statement states that Ms. de Edwards recently reduced her operating expenses by $10,000. Their most recent monthly operating report reflects net cash flow of approximately this amount. However, the

Case: 08-41073   Doc# 158   Filed: 05/05/09   Entered: 05/05/09 15:00:45   Page 2 of 6

monthly operating report for the month before reflects net cash flow of only $5,000 and the monthly report preceding it a negative cash flow of $18,000.

The most serious problem is the dispute with regard to the IRS priority claim. The debtors assert that it is only $64,406 and propose to make payments accordingly. The IRS asserts that its priority claim totals $251,286.96. The debtors propose no mechanism for resolving this dispute and have not filed an objection to the IRS priority claim. The debtors were authorized to employ special tax counsel in May 2008. There is no evidence of any progress in resolving the disputes with the IRS since then.

There has been a great deal of confusion caused by Ms. de Edwards' attempt to cease doing business as a professional corporation (the "PC") and to start doing business as a sole proprietorship (the "SP") in order to prevent the IRS from levying on her accounts receivable. Her goal has been thwarted by the fact that her contracts with insurers, who pay for her services, are with the PC. In order to negotiate new contracts, Ms. de Edwards was required to obtain a new employers' identification number ("EIN"). The debtors contended that they had problems getting a new EIN from the IRS. In an attempt to preserve the status quo pending submission of a plan, the Court previously order the IRS to forbear making any further levies on any accounts receivable generated post-petition.

3

Thereafter, the Court heard the debtors' emergency motion complaining about the IRS levy on funds from a proposed settlement with Sutter Delta Medical Center ("Sutter"). At the hearing, factual disputes arose concerning the nature of the claims giving rise to the settlement: i.e., whether they constituted claims by the PC or claims by the SP. Moreover, the settlement had never been noticed to creditors or submitted to the Court for approval. The debtors' contention that the levy was improper was inconsistent with their failure to obtain Court approval for the settlement. Factual issues were also raised concerning the timing and amounts of any levies made by the IRS during the case. The Court set an evidentiary hearing for May 28, 2009 at 9:00 a.m. to attempt to resolve these issues.

After reviewing the Plan and Disclosure Statement, the Court now concludes that it was ill advised to set the evidentiary hearing. The Court is doubtful that the debtors can file a plan and disclosure statement capable of being confirmed, at least unless they obtain bankruptcy counsel promptly. The Court previously issued an order to show cause why the case should not be dismissed, converted to chapter 7, or a chapter 11 trustee appointed. The hearing has been continued to May 28, 2009 at 9:00 a.m. The Court also ordered the debtors, by no later than May 8, 2009, to file and notice a motion to approve the settlement with Sutter for the same date and time.

4

The Court has concluded that it should vacate the evidentiary hearing but keep the hearings in place on the motion to approve the settlement with Sutter and on the order to show cause. The Court anticipates making a dispositive order with regard to the case on May 28, 2009 absent some constructive action by the debtors in the mean time.

Good cause appearing therefor, it is

SO ORDERED.

END OF DOCUMENT

| | |
|---|---|
| 2 | COURT SERVICE LIST |
| 3 | Fernando Anthony Edwards<br>Sharon Yvette de Edwards |
| 4 | 715 Castle Rock Road<br>Walnut Creek, CA 94598 |
| 5 | |
| 6 | Fernando Anthony Edwards<br>3432 Hillcrest Ave., #125<br>Antioch, CA 94531 |
| 7 | |
| 8 | Richard C. Harper<br>7 C-Street<br>Tracy, CA 95376 |
| 9 | |
| 10 | Joe Smith<br>Revenue Officer<br>Internal Revenue Service |
| 11 | 303 Water St., Ste. 3<br>Santa Cruz, CA 95060 |
| 12 | |
| 13 | Cynthia Stier<br>Assistant United States Attorney<br>U.S. Attorney's Office, NDCA |
| 14 | 450 Golden Gate Ave.<br>San Francisco, CA 94102 |
| 15 | |
| 16 | Jennifer L. Pruski<br>Trainor Fairbrook<br>980 Fulton Ave. |
| 17 | Sacramento, CA 95825-4558 |